**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Rebekah Tinsley, f/k/a White, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:17-CV-2926 |
| | ) | |
| Commonwealth Financial Systems, Inc., | ) | |
| a Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Rebekah Tinsley, f/k/a White, brings this action under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that

Defendant's collection actions violated the FDCPA, and to recover damages, and

alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28

U.S.C. § 1331.

2.      Venue is proper in this District: a) the acts and transactions occurred here;

b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Rebekah Tinsley, f/k/a White ("Tinsley"), is a citizen of the State

of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted

to collect, via a negative credit report, a delinquent debt owed for ambulance services.

4.      Defendant, Commonwealth Financial Systems, Inc. ("Commonwealth"), is

a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the

FDCPA, because he regularly uses the mails, the telephone and credit reporting to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Commonwealth was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.      Unsure about debts that Defendant Commonwealth had reported on her credit reports, Ms. Tinsley had her attorney investigate same; he called and wrote to Defendant Commonwealth on March 24, 2016, to dispute those debts, including one that was allegedly owed for ambulance services.  Copies of this letter and the fax confirmation are attached as Exhibit A.

6.      On August 23, 2017, Plaintiff Tinsley obtained and reviewed a copy of her Experian credit report and it showed that, in violation of the FDCPA, Defendant Commonwealth was continuing to report the ambulance debt on her credit report – updating its reports on May 1, 2017 and July 14, 2107 -- without indicating that the debt was disputed.  The pertinent part of the Experian credit report is attached as Exhibit B.

7.      Defendant's violation of the FDCPA is material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit impaired her credit rating and her ability to obtain credit.  Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed makes it appear as if Plaintiff does not actually have the right to dispute the debt.

8.      All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9.      Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

10.     Plaintiff adopts and realleges ¶¶ 1-9.

11.     Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see, Sayles v. Advanced Recovery Systems, 2017 U.S.App. LEXIS 12080 at [*6]-[*7] (5th Cir. 2017).

12.     Defendant, by continuing to report a debt to a credit reporting agency, and failing to note that the debt was disputed by the consumer, used false, deceptive or misleading statements and, thus, violated § 1692e(8) of the FDCPA.

13.     Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

14.     Plaintiff adopts and realleges ¶¶ 1-9.

15.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

16.     Defendant, by continuing to report the debt to a credit reporting agency, and failing to note that the debt was disputed by Plaintiff, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

17.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Rebekah Tinsley, f/k/a White, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Tinsley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rebekah Tinsley, f/k/a White, demands trial by jury.

> Rebekah Tinsley, f/k/a White,
>
> By: <u>/s/ David J. Philipps</u>
> One of Plaintiff's Attorneys

Dated:  August 24, 2017

4

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4714
(317) 732-7511 (FAX)
shalbertlaw@gmail.com